# In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>**SHUNTAVIA D. WIGFALL**,<br><br>DEBTOR. | CASE NO. 19-BK-20319<br>EASTERN DIVISION<br>CHAPTER 13<br><br>HON. CAROL A. DOYLE<br><br>HEARING DATE: OCTOBER 8, 2019<br>HEARING TIME: 10:15 A.M. |

# RESPONSE TO DEBTOR'S MOTION TO AVOID LIEN

---

**Mark Flessner**
Corporation Counsel

David Paul Holtkamp (IL 6298815)
Assistant Corporation Counsel Supervisor
Charles A. King (IL 6216362)
**CITY OF CHICAGO**
   **DEPARTMENT OF LAW**
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel: (312) 744-6967 / (312) 742-0019
Email:  David.Holtkamp2@cityofchicago.org
            Chuck.King@cityofchicago.org

# INTRODUCTION

Under the City's municipal code, "[a]ny vehicle impounded by the City or its designee shall be subject to a possessory lien in favor of the City in the amount required to obtain release of the vehicle." *See* Municipal Code of Chicago ("M.C.C.") §§ 9-92-080(f); 2-14-132(l). As the express terms of the ordinance provide, the possessory lien is obtained by merely impounding a vehicle, no matter what prompted the impoundment. It is not obtained by any judicial or quasi-judicial process or proceeding; it is solely the result of the City fulfilling one statutory condition.

But the Debtor asserts that when the City fulfilled that sole statutory condition of impounding her vehicle, the possessory lien that arose was a judicial lien. Under her theory, the City's possessory lien must be a judicial lien because the City only impounded her vehicle after she accumulated enough adjudicated tickets, which are judgments. But this confuses the difference between a statutory lien obtained when a creditor is prompted by several judgments to fulfill the statutory condition to obtain a lien, with a judicial lien obtained through the judicial proceeding itself. Judicial liens are liens "obtained by" judicial or quasi-judicial proceedings. *See* 11 U.S.C. 101(36). The City's lien was not obtained by the proceedings that adjudicated the tickets, nor was its lien even limited to securing the debts of the adjudicated tickets that may have prompted the impoundment.

Ultimately, there are a great number of things that may prompt the City to impound a vehicle but the ordinance is quite clear that no matter what prompted the impoundment, the City's lien is created when the impoundment occurs. While this statutory lien may help to secure the payment adjudicated tickets (as well as other debts secured by the lien), that does not mean that the lien is "obtained by" judicial process or proceeding. The lien is statutory. The motion should be denied.

1

# DISCUSSION

### 1. Short Facts and Procedural History.

The Debtor's vehicle (plate no. AP99288) was impounded by the City of Chicago on July 13, 2019. The Debtor filed the instant Chapter 13 case 6 days later on July 19. Although the City released the vehicle under the recent decision *In re Fulton*, 926 F.3d 916 (7th Cir. 2019), the Debtor filed a motion for turnover of the vehicle. *See* Dkt. No. 9. This court denied that motion. *See* Dkt. No. 18. At the same time the Debtor filed the motion for turnover, she also filed a motion to avoid the City's possessory lien in the Debtor's vehicle obtained by impoundment, as a judicial lien under 11 U.S.C. § 522(f). *See* Dkt. No. 10. The Debtor's plan also provides that the City's lien shall be avoided as a judicial lien.[1] *See* Dkt. No. 2. The City's lien is statutory and not judicial, and therefore cannot be avoided.

### 2. The Difference between Judicial and Statutory Liens.

The Bankruptcy Code defines three types of liens: judicial liens, statutory liens, and consensual liens, *i.e.*, security interests. *See* 11 U.S.C. §§ 101(36); 101(53); 101(51); *see also, Graffen v. City of Philadelphia,* 984 F.2d 91, 96 (3d Cir. 1992). "Those three categories [of liens] are mutually exclusive and are exhaustive except for certain common law liens." H.R. Rep. 95-595, 95th Cong., 1st Sess. 312 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6269. No matter the type of lien, however, its purpose is to help secure payment of a debt.

The most common type of lien is the consensual lien, or as the Bankruptcy Code calls it, a security interest. *See* 11 U.S.C. § 101(51) (a "lien created by an agreement."). When the parties have not contracted for a lien, the law may also allow a

---

[1] For the reasons provided in this Response the Debtor cannot avoid the City's statutory lien and therefore the City objects to confirmation of the Debtor's plan.

2

creditor to obtain a lien on the debtor's property without his consent. These involuntary liens are imposed to aid in securing payment when the debtor has not voluntarily paid the underlying debt. The purpose of all involuntary liens may be the same; however, they are distinguished by how they are obtained or created. *See In re Rosol*, 114 B.R. 560, 564 (Bankr. N.D. Ill. 1989) (Wedoff, J.) ("The Code distinguishes [leins] by the manner in which each lien is obtained or created."). Judicial liens are, as their name suggests, liens obtained by some judicial or quasi-judicial process or proceeding. *See In re Schick*, 418 F.3d 321, 328 (3d Cir. 2005); *In re Rosol*, 114 B.R. at 565 ("Judicial liens also consist of liens which are 'dependent on a statute' as long as the lien 'arises from' the judicial process."). Generally, this means the creditor must initiate a judicial proceeding to obtain an order imposing a lien on property, or obtain a judgment that will constitute a lien through some ministerial act such as registering or recording the judgment. Statutory liens are very similar in their purpose, but they arise out of statutes enacted to provide the creditor with a short-cut to obtain an involuntary lien without the expense and time required to obtain a judicial lien. *See In re Schick*, 418 F.3d at 328. All the creditor has to do is complete the specified act, and the lien pops into existence.

Here, no one asserts that the City's possessory lien was created by agreement, and therefore the dispute is whether the City's lien is a judicial lien or a statutory lien.

### 2.1. Judicial liens.

A judicial lien is defined as a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). The Code uses the phrase "or other" after "judgement, levy, [and] sequestration" and therefore the most "natural reading of the definition is that 'judgment,' 'levy,' and 'sequestration' are enumerated examples of types of 'legal or equitable process or proceeding[s]'" that could give rise to a judicial lien. *In re Schick*, 418 F.3d 321, 327–28 (3d Cir.

3

2005). Additionally, phrase "legal or equitable process or proceeding" inherently relates to judicial or quasi-judicial proceedings, even if *ex parte*. *See Graffen*, 984 F.2d at 96; *see also In re Rosol*, 114 B.R. at 565. This all only makes sense, given that these liens are actually called "judicial liens," and therefore are only those liens "obtained by" "some type of judicial [or quasi-judicial] process or proceeding." *In re Schick*, 418 F.3d at 324.

This interpretation that judicial liens are only those liens "obtained by" judicial or quasi-judicial proceedings is supported by the statutory history of the definition. It finds its origins in the Bankruptcy Act of 1898, as originally enacted, which provided that a "lien created by or obtained in or pursuant to *any suit or proceeding* in law or equity" could be dissolved. *See* Bankruptcy Act of 1898, § 67c, 55th Cong. 2d Sess., 30 Stat. 544, 564 (1898) (emphasis added). The text clearly confined its applicability to liens created by judicial (and possibly quasi-judicial) proceedings, *i.e.*, court cases. At the time this would have included prejudgment writs of attachment, writs of execution, and like writs that were issued by courts which created liens. *See id.* at § 67c ("including an attachment upon mesne process…"). The section also applied to liens created in equity when a creditor filed a creditor's bill, which was an equitable suit to recover from property of the debtor.[2] *See Metcalf Bros. & Co. v. Barker*, 187 U.S. 165, 174 (1902).

The 1898 Act also provided that "all levies, judgments, attachments, or other liens obtained through legal proceedings" could be voided.[3] *See* Bankruptcy Act of 1898, § 67f, 55th Cong. 2d Sess., 30 Stat. 544, 565 (1898). This section was similarly confined to liens obtained through judicial (and possibly quasi-judicial) proceed-

---

[2] A creditor's bill is an "equitable suit in which a judgment creditor seeks to reach property that cannot be reached by the process available to enforce a judgment." Creditor's Bill, Black's Law Dictionary (11th ed. 2019).

[3] These statutes also provided that they only applied to liens obtained in the 4 months immediately preceding the case, or to liens arising from suits instituted in the 4 months immediately preceding the bankruptcy, respectively.

4

ings.[4] This included levies, judgments, and attachments, issued by courts that constituted liens themselves, or merely required some type of filing or service to turn the judgment or order itself into a lien. *See Metcalf Bros. & Co.*, 187 U.S. at 174 (judgment in this section is "plainly confined to judgments creating liens.").

In 1938 Congress passed the Chandler Act that merged § 67c and § 67f into a single section—§ 67a(1). *See* Chandler Act, 75th Cong. 3d Sess., 52 Stat. 840, 875 (1938). That section was nearly identical in operation to the definition of judicial lien found in the Bankruptcy Code today. It provided that "Every lien against property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceeding…shall be deemed null and void[.]"[5] *Id.* Therefore, this section defined judicial liens as liens "obtained by" "legal or equitable process or proceeding," and continued to provide most of the same examples of judicial or quasi-judicial process or proceedings that could create avoidable judicial liens.

This statutory history and the Code's plain text bring the definition of a judicial lien into focus. To qualify as a judicial lien, the lien must be obtained by order or judgment issued by a judicial or quasi-judicial body (1) that imposes a lien by its own terms, (2) that constitutes a lien after some ministerial act is taken (such as recording the judgment or delivering it to the Sheriff), or (3) that constitutes a lien after initiating some type of supplementary court proceedings. But in all cases, the lien must be obtained by order or judgment from a judicial or quasi-judicial body, and it is that judgment or order itself that constitutes the lien on the debtor's property.

Illinois law provides some common examples. In Illinois a judgment creditor may record a certified copy of the judgment and transcript with recorder of deeds to

---

[4] A legal proceeding is "[a]ny proceeding authorized by law and instituted in a court or tribunal to acquire a right or to enforce a remedy." Legal Proceeding, Black's Law Dictionary (11th ed. 2019).

[5] Again, only judicial liens obtained within the 4 month period immediately preceding the bankruptcy filing were avoidable. *Id.*

5

cause the judgment to be a lien over all real property of the debtor within the county. *See* 735 ILCS 5/12-101 ("*a judgment is a lien* on the real estate" when properly recorded). Or a judgment creditor may deliver a copy of the judgment to the Sheriff for levy to cause the judgment to be a lien on the debtor's personal property. *See* 735 ILCS 5/12-111 (judgment shall bind personal property when delivered to the Sheriff). Or a judgment creditor could initiate supplementary proceedings by filing and serving a citation to discover assets, thereby causing the judgment to be a lien on the debtor's personal property. *See* 735 ILCS 5/2-1402(m) ("*judgment becomes a lien*" when the citation is served).

Judicial liens are essentially what their name suggests. They require a judicial or quasi-judicial order or judgment and that order or judgment itself must be or become the lien in question.

## 2.2. Statutory liens.

The second type of involuntary lien is a statutory lien. Like a judicial lien, a statutory lien aids in securing payment from a debtor that has not made it voluntarily. A statutory lien is defined as a lien "arising solely by force of statute on specified circumstances or conditions[.]"[6] 11 U.S.C. § 101(36). "The legislative history further emphasizes that a statutory lien cannot be based on 'an agreement or a judicial action.' Examples of statutory liens include tax liens, mechanics liens, and warehouse liens." *In re Rosol*, 114 B.R. 560, 565 (Bankr. N.D. Ill. 1989) (internal citations omitted). The defining characteristic of a statutory lien is that it is created *automatically* by statute upon some condition. *Id.*

Statutory liens are generally created to prefer certain types of creditors, providing them with a statutory short-cut to obtaining an involuntary lien without ex-

---

[6] The definition is also very careful to recognize that the power of a judicial or quasi-judicial body to create judicial liens may be provided by statute or depend on a statute to become fully effective. *See* 11 U.S.C. § 101(53). But just because the power comes from a statute does not transform a judicial liens into statutory ones. *See id.*

6

pending the time and expense involved in obtaining a judicial lien. *See In re Schick*, 418 F.3d at 328. Very often, a statutory lien is a possessory lien, such as a mechanic's lien, or a warehouse lien. Illinois has created a great number of statutory possessory liens to supplement, but not supersede, common-law possessory liens. *See, e.g.,* 770 ILCS 5/1 (attorney's lien); 770 ILCS 40/48 (innkeeper's lien); 770 ILCS 40/49 (stable keeper's lien); 770 ILCS 40/50 (agister's lien); 770 ILCS 40/50a (threshermen's lien); 770 ILCS 45/1 (labor and storage lien); 770 ILCS 90/1 (warehousemen's lien); 770 ILCS 95/1 (storage lien); 770 ILCS 105/1 (tool and die lien); 810 ILCS 5/2-711(3) (rejected goods lien); 810 ILCS 5/2A-508(5) (lessee's lien). All of these liens are obtained automatically by force of statute simply by holding possession of the debtor's property. They are classic statutory liens.

### 3. The City's Possessory Lien is Statutory not Judicial.

The Municipal Code of Chicago provides that "[a]ny vehicle impounded by the City or its designee shall be subject to a possessory lien in favor of the City in the amount required to obtain release of the vehicle." *See* M.C.C. § 9-92-080(f); 2-14-132(l). As the express terms of the ordinance provide, the possessory lien is obtained by merely impounding a vehicle, no matter what prompted the impoundment. It is not obtained by any judicial or quasi-judicial process or proceeding; it is solely the result of the City fulfilling one statutory condition: impounding the car.

But the Debtor asserts that the City's possessory lien is a judicial lien because it arises from a judgment after administrative adjudication of her tickets. *See* Dkt. No. 10, ¶ 7. That is incorrect. The Debtor confuses the difference between a statutory lien and a judicial lien here because the statutory condition required to obtain the City's lien (*i.e.*, impoundment) was predicated on a sufficient number of judgments. However, as provided above, judicial liens are created when judicial or quasi-judicial orders or judgments are themselves liens or become liens. But that is not the case here. The City's lien was not obtained by or created in any proceeding ad-

7

judicating the tickets nor does the ordinance turn any judgments or orders issued in any adjudicative proceedings themselves into liens in the way judicial lien statutes do. *See, e.g.,* 735 ILCS 5/12-101 ("*a judgment is a lien* on the real estate"); 735 ILCS 5/2-1402(m) ("*judgment becomes a lien*" when the citation is served). Instead, the ordinance merely provides that the possessory lien is created when the vehicle is impounded, and the amount of the lien is the amount required to obtain release.

The amount required for release, and thus the lien amount, is not set by any judgment or order or even any collection of judgments or orders. If a vehicle is booted and then impounded, the amount of the lien is set by ordinance and includes the boot fee, towing fee, storage fees, administrative fees, attorney's fees, and late payment penalties on any ticket not timely paid *after* a determination of liability is made. *See* M.C.C. § 9-100-120(d); 9-100-050(e). The lien amount then also includes all tickets in final determination status whether they were part of what prompted the impoundment or not. *See* M.C.C. § 9-100-120(d).

If the vehicle impoundment is prompted by something else, such as drunk driving,[7] the amount of the lien still includes towing, storage, and fees, as well as all of the tickets in final determination status even though those tickets did not prompt the impoundment. *See* M.C.C. 2-14-132(c)(A). The lien amount then also includes any administrative penalty for the violation, that is, for example, for drunk driving. *Id.* Therefore, impounding a vehicle is not merely a step to give a judgment or any other judicial or quasi-judicial order the effect of a lien. Impounding the car creates a statutory lien in the amount of nearly all vehicle related debt owed to the City. The lien is not limited to only those judgments that may have prompted the impoundment, and in many cases, the impoundment will have been prompted by something other than a certain number of adjudicated tickets, but those amounts

---

[7] *See* M.C.C. § 2-14-132(a)(1) (listing offenses that lead to direct impoundment); M.C.C. § 9-92-030 (listing additional reasons a vehicle may be impounded).

8

are still secured by the lien once the condition of impoundment is met.

This situation is not without analogy in case law. In the Third Circuit case *In re Schick*, 418 F.3d 321, the debtor attempted to avoid a statutory lien imposed under New Jersey law as a judicial lien. Under New Jersey law, once a person was convicted of drunk driving or had too many traffic violations, the state levied a surcharge against that person. *Id.* at 324. The state could then merely file a certificate of debt for the surcharge with the clerk of court, at which point the clerk was required to enter that debt in the record of docketed judgments. *Id.* Once docketed, the debt was given the same effectiveness as a civil judgment, which meant it was a lien. *Id.* Like the Debtor here, the debtor in *Schick* asserted that the lien arose out of a judgment because the judgment against the debtor for drunk driving prompted the state to file the surcharge with the clerk to obtain the lien. *Id.* at 326. The court rejected the argument because the lien secured a debt other than that of the judgment, and the statute did not reference the judgment in creating the lien. *Id.*

The debtor there also pointed out the prior circuit precedent had already determined that a surcharge arose out of the drunk driving judgment against the debtor and therefore argued that the lien was a judicial lien. *Id.* at 327. But the court rejected that argument too, holding that it was not concerned with how the *debt* arose, but instead with the proper characterization of the lien, that is, how the *lien* arose. *Id.* Ultimately, as is the case here, the creation of a statutory lien may be prompted by some adjudicative proceeding leading to a judgment, but that does not mean that the lien is created in that proceeding or obtained by that proceeding. The state there merely took the steps required to obtain its statutory lien (although prompted by some judicial proceeding to do so), and that is all the City has done here.

The Debtor also makes much of the fact that the definition of judicial lien includes the example of a levy, and then asserts that the Seventh Circuit in M*atter of Voelker*, 42 F.3d 1050, 1051 (7th Cir. 1994) "broadly defined 'levy' to include 'the

9

power of distraint and seizure by any means…" *See* Dkt. No. 10, ¶ 8. But the *Voelker* court did not define levy in any such way. The court was merely quoting § 6331 of the Internal Revenue Code providing for an administrative levy. And contrary to the Debtor's implication, an administrative levy under that section does not create a judicial lien either. An administrative levy by the IRS under that section "does not require any judicial intervention." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985). It instead allows the IRS to seize all of the debtor's property merely because the debtor refused a demand to pay. Therefore, courts have routinely held that these are not judicial liens. *See In re Morgan,* 2000 WL 1194144, at *2 (Bankr. E.D.N.C. June 20, 2000); *In re Knapp*, 285 B.R. 176, 182 (Bankr. M.D.N.C. 2002). Thus, not all actions that are named levies, or that resemble levies, are judicial liens. Again, the definition of judicial lien provides levy as an example of a kind of liens obtained by "legal or equitable process or proceeding." *See In re Schick*, 418 F.3d at 327-28. The definition of judicial lien clearly does not include levies, or things that have the same effect as levies, that are not obtained by judicial or quasi-judicial process or proceedings.

Also, if the Debtor were correct that everything fitting within her definition of levy was a judicial lien, notwithstanding the requirement that judicial liens be obtained by judicial process or proceeding, then all possessory liens would be judicial liens. Possessory liens do essentially the same thing as a judicial levy. They allow the creditor to retain property until the debt is paid. Many possessory liens even allow the creditor to sell the property to satisfy the debt. But judicial and statutory liens general accomplish the same goals. The difference in how they are categorized is how they are obtained or created, not their effect in restraining property.

### 4. Conclusion.

In summary, while the City's act to obtain its statutory possessory lien may have been prompted by the number of adjudicated tickets, and that lien may help to se-

10

cure payment of those adjudicated tickets, the lien was not obtained by those proceedings that adjudicated the tickets, nor do any orders issued out of those proceedings constitute the liens at issue here. The City's lien was obtained by completing the act of impounding the vehicle, and that lien is not limited to securing only those ticket judgments that prompted the City's action. The lien is statutory. The motion should be denied.

Dated: August 13, 2019　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　THE CITY OF CHICAGO

　　　　　　　　　　　　　　　　　　　　　　Mark Flessner, Corporation Counsel

　　　　　　　　　　　　　　　　　　　　　　By:　　/s/ Charles A. King
　　　　　　　　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

Mark Flessner
Corporation Counsel
David Paul Holtkamp
Assistant Corporation Counsel Supervisor
Charles A. King
Assistant Corporation Counsel
Chicago Department of Law
121 N. LaSalle St., Suite 400
Chicago, IL 60602
Phone:　　　312-744-6967 / 312-742-0019
E-mail:　　　David.Holtkamp2@cityofchicago.org
　　　　　　　Chuck.King@cityofchicago.org

11

## CERTIFICATE OF SERVICE

I, Charles A. King, an attorney, hereby certify that on August 13, 2019, I caused a copy of the attached Response to Debtor's Motion to Avoid Lien to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ Charles A. King

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| Ross H. Briggs | r-briggs@sbcglobal.net |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Tom Vaughn | ecf@tvch13.net |