# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br>Gwendolyn Y. Durr<br>        Debtor. | Case No. 15-01760<br><br>Hon. Carol A. Doyle<br><br>Chapter 13  Proceedings |

## NOTICE OF OBJECTION TO CLAIM

TO:    See attached Service List.

PLEASE TAKE NOTICE that on September 3, 2018 at 9:30 a.m. I shall appear before the Honorable Judge Carol A. Doyle in Room 742 of the United States Bankruptcy Court. 219 S. Dearborn, Chicago, Illinois and shall then and there present Debtor's Objection to Claim, a copy of which is attached hereto and served upon you.

By: /s/ Jaime Dowell
Attorney for Debtor

### CERTIFICATE OF SERVICE

The undersigned, a non-attorney, states that she caused to be served upon the parties listed on the attached Service List, by mailing true and correct copies to the addresses indicated, in envelopes properly stamped and sealed, and depositing the same in the U.S. mail at 1004 Courtaulds Drive, Suite A, Woodstock, IL 60098 on July 30, 2019, before 5:00 p.m.

/s/ L. Palma

Jaime Dowell
ARDC 6281312
McKenna Storer
1004 Courtaulds Dr., Ste. A
Woodstock, IL 60098
815-334-9693/ Fax: 815-334-9697
email:  jdowell@mckenna-law.com

```
Label Matrix for local noticing        U.S. Bankruptcy Court                  Advance Paycheck Online
0752-1                                  Eastern Division                       2400 Caton Farm Rd., Unit-P
Case 15-01760                           219 S Dearborn                         Crest Hill, IL 60403-1387
Northern District of Illinois           7th Floor
Chicago                                 Chicago, IL 60604-1702
Wed Oct 11 15:08:50 CDT 2017

Ashley Stewart                          City of Chicago                        City of Chicago-Department of Finance
Comenity                                Dept. of Streets and Sanitation        C/O Roberts and Weddle, LLC
Po Box 182124                           121 N. LaSalle St., Rm 700             309 W. Washington St.  Suite 500
Columbus, OH 43218-2124                 Chicago, IL 60602-1246                 Chicago, IL 60606-3200


Credit Management Lp                    Dyck-O Neal Inc                        Hyundai Capital America DBA
4200 International Pkwy                 6060 North Central Expressway Suite 200 Hyundai Motor Finance
Carrollton, TX 75007-1912               Dallas, TX 75206                       PO Box 20809
                                                                               Fountain Valley, CA 92728-0809


Hyundai Motor Finance                   Midnight Velvet                        Midstate Collection So
Attn: Bankruptcy Department             Swiss Colony Midnight Velvet           Po Box 3292
PO Box 20809                            1112 7th Ave                           Champaign, IL 61826-3292
Fountain Valley, CA 92728-0809          Monroe, WI 53566-1364


Quantum3 Group LLC as agent for         Gwendolyn Y. Durr                      Jaime Dowell
Comenity Bank                           2932 W. 62nd St.                       McKenna Storer
PO Box 788                              Chicago, IL 60629-2612                 1004 Courtaulds Dr., Ste. A
Kirkland, WA  98083-0788                                                       Woodstock, IL 60098-7320


Patrick S Layng                         Tom Vaughn                             End of Label Matrix
Office of the U.S. Trustee, Region 11   55 E. Monroe Street, Suite 3850        Mailable recipients    16
219 S Dearborn St                       Chicago, IL 60603-5764                 Bypassed recipients     0
Room 873                                                                       Total                  16
Chicago, IL 60604-2027
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>Gwendolyn Y. Durr,<br><br>    Debtor. | Case No. 15-01760<br><br>Hon. Carol A. Doyle<br><br>Chapter 13  Proceedings |

### Objection to Claim 3-2 of the City of Chicago

  NOW COMES, Gwendolyn Y. Durr ("Debtor"), by her attorney, Jaime Dowell of McKenna Storer, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure , moves this Honorable Court to enter an order disallowing Amended Proof of Claim 3-2 ("Claim") filed by the City of Chicago ("Creditor").  In support of this motion, Debtor states as follows:

  1.  Debtor filed a petition for relief under chapter 13 of Bankruptcy Code on January 20, 1015.

  2.  Debtor's chapter 13 Plan was confirmed on May 12, 2015.  The confirmed plan provided for $500.00 payments for 40 months with estimated 100% dividend to unsecured creditors.  *See* Docket Nos. 2 and 15.

  3.  The confirmed plan also provided the following: "City of Chicago: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim.  Creditor is shall be allowed an unsecured claim for the deficiency blanket".  *See* Docket No. 15.

  4.  Debtor listed Creditor as a secured creditor on her Schedule D for property located at 6502 S. Hoyne Ave., Chicago, Illinois.   *See* Docket No. 1.

1

5.  Creditor filed an unsecured claim on 7/20/2015 for $17,063.54 based on Circus Court judgment.  *See* Claim attached as Exhibit A.

6.  The underlying Circuit Court Judgment indicates that the judgment amount is attached to a lien allowing the creditor to foreclose on the property as it relates back to Creditor's lien filed on February 13, 2014.  *See* Lien attached as Exhibit B.

7.  Creditor's claim currently is being treated as an unsecured claim when it is in fact a secured claim that was satisfied by the Debtor surrendering her interest in the property.

8.  Creditor is not entitled to treatment as an unsecured creditor on the initial claim as filed as it does not represent a deficiency claim that is allowed by the Confirmed Plan and pursuant to Sections 506(b) and 1325(a)(5)(C).

9.  An Objection to Claim No. 3 filed by Creditor previously was presented on May 18, 2018. *See*  Docket No. 24.

10. Creditor filed an amended claim, 3.2 for an unsecured amount based on the value of the property and in lieu of expending the cost in foreclosing its lien, to receive payment on an agreed to representative deficiency amount under the plan as unsecured creditor and the Objection was withdrawn.  *See* Amended Claim attached as Exhibit C.

11. As of the filing of this Objection, Creditor has made no disposition of the lien, Creditor has not taken title to the property or other release the lien.

12. Debtor is not required to make payments on an unsecured claim for surrendered property that is not a timely filed deficiency claim.

13. Creditor is not entitled to payment on as unsecured creditor without an agreement with Debtor and a timely filing of an unsecured claim for a deficiency balance.

14. Debtor does not agree to continue making payments on an unsecured claim without the City taking possession of the property or releasing its lien, and has otherwise been unable to resolve this matter.

15. In absence of an agreement, Creditor does not have a timely filed unsecured claim that is required to payment under the plan.

WHEREFORE, Debtor prays this Honorable Court enter an order sustaining the objection to claim and disallowing the amended unsecured claim of the City of Chicago and for any other relief this Honorable Court deems just and proper.

Respectfully submitted,

By: /s/ Jaime Dowell
      Attorney for Debtor(s)

Jaime Dowell
ARDC 6281312
McKenna Storer
1004 Courtaulds Dr., Ste. A
Woodstock, IL 60098
815-334-9693/Fax: 815-334-9697
email: debtor@mckenna-law.com

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT　Northern District of Illinois | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Gwendolyn Durr | Case Number: 15-01760 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
City of Chicago

**COURT USE ONLY**

Name and address where notices should be sent:
Roberts & Weddle, LLC
309 W Washington, Suite 500
Chicago, IL 60606

Telephone number: (312) 589-5800　email: jweddle@rawlegal.net

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:　email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 17,063.54

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Circuit Court Judgment
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 0 2 4 0

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate　☐ Motor Vehicle　☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate ____ % ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**EXHIBIT A**

B10 (Official Form 10) (04/13)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Jeremy Weddle
Title: Attorney
Company: Roberts & Weddle LLC
Address and telephone number (if different from notice address above):

(Signature)   7/17/15 (Date)

Telephone number:         email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**EXHIBIT A**

```
IN THE OFFICE OF THE
  RECORDER OF DEEDS
  COOK COUNTY, ILLINOIS
```

Doc#: 1404434077 Fee: $40.00
Karen A. Yarbrough
Cook County Recorder of Deeds
Date: 02/13/2014 02:50 PM Pg: 1 of 2

CITY OF CHICAGO, a
Municipal Corporation,

              Plaintiff,

vs.

ANNIE MARIE DURR, ET AL,

              Defendants.

Case No. 12 M1 402659

CIRCUIT COURT OF COOK COUNTY          CLAIM FOR LIEN FOR DEMOLITION
FIRST MUNICIPAL DISTRICT               IN THE AMOUNT OF $20,273.00

    The claimant, CITY OF CHICAGO, a Municipal Corporation, in the County of Cook, State of Illinois, by authority granted by Chapter 65, Section 5/11-31-1, ILCS, hereby files its claim for lien against the following described property, to wit:

Lot 2 in Block 43 in South Lynne, a Subdivision of the North ½ of Section 19, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook County Illinois, commonly known as 6502 S. Hoyne Ave., Chicago, Illinois.

Perm. Index No. 20-19-120-024-0000

    Title to the above described property now appears in the name of ANNIE MARIE DURR & GWENDOLYN Y. DURR, but the lien is absolute as to all parties of interest. The cost and expenses incurred were by reason of the demolition of the improvement on the above entitled real estate, pursuant to Court Order entered in the Circuit Court of Cook County, on June 20, 2013, in the case of CITY OF CHICAGO, a Municipal Corporation, Plaintiff v.

ANNIE MARIE DURR ET AL, Defendants, Case 12 M1 402659. This lien is in the amount of $20,273.00, which expense of demolition and related costs were incurred on August 21, 2013.

That said owner(s) and other parties in interest are entitled to credits on account thereof, as follows to-wit: NONE - leaving due, unpaid and owing to the claimant, on account thereof, after allowing all credits the balance of TWENTY THOUSAND TWO HUNDRED SEVENTY THREE AND 00/100 ($20,273.00) DOLLARS, for which, with interest, the claimant claims a lien on the above cited real estate.

STEPHEN R. PATTON
Corporation Counsel

BY _____
Senior Counsel

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF COOK      )

GWENDOLYN S. HARRIS, being first duly sworn on oath, deposes and says that she is the authorized agent of the above-named claimant, that she has read the foregoing Claim for Lien, knows the contents thereof and that all the statements therein contained are true.

_____

Subscribed and Sworn to
before me this 13th day
of February    2014.

_____

OFFICIAL SEAL
JANICE SCOTT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/14/16

**Fill in this information to identify the case:**

Debtor 1    Gwendolyn Durr

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Illinois

Case number   15-01760

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   City of Chicago
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?

   Roberts & Weddle, LLC
   Name

   309 W Washington #500
   Number   Street

   Chicago    IL    60606
   City    State    ZIP Code

   Contact phone 312-589-5800

   Contact email jweddle@rawlegal.net

   Where should payments to the creditor be sent? (if different)

   Name _____

   Number   Street _____

   City    State    ZIP Code

   Contact phone _____

   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

4. **Does this claim amend one already filed?**
   ☐ No
   ☑ Yes. Claim number on court claims registry (if known) 3     Filed on 07/20/2015
                                                                                   MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☐ No
   ☑ Yes. Who made the earlier filing? Same firm/same client

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ 17,063.54. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Municipal Court Judgment

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: Demolition Lien
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $ 10,000.00
Amount of the claim that is secured:  $ 10,000.00
Amount of the claim that is unsecured: $ 7,063.54 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ _____

Annual Interest Rate (when case was filed) 9.00 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.  $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                              Proof of Claim                              page 2

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*                                                        Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).       $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).       $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).       $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).       $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).       $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.       $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/30/2018
                          MM / DD / YYYY

_/s/ [Signature]_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Jeremy Weddle |
| | First name      Middle name      Last name |
| Title | Attorney |
| Company | Roberts & Weddle, LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 309 W Washington #500 |
| | Number     Street |
| | Chicago              IL     60606 |
| | City              State    ZIP Code |
| Contact phone | 312-589-5800       Email jweddle@rawlegal.net |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

| | |
|---|---|
| CITY OF CHICAGO, a Municipal Corporation,<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANNIE MARIE DURR, GWENDOLYN Y. DURR, FEDERAL HOME LOAN MORTGAGE CORPORATION, SANDERS 375718, and UNKNOWN OWNERS & NONRECORD CLAIMANTS,<br>　　　　　　　　　　Defendants. | No: 12 M1 402659<br><br>Re: 6502 S. Hoyne Ave.<br><br>Room 1111 |

### ORDER ASCERTAINING PLAINTIFF'S DEMOLITION COSTS

This cause coming to be heard on the Plaintiff's Motion to Ascertain Demolition Costs, due notice having been given, and the Court being fully advised in the premises and having jurisdiction thereof,

THE COURT FINDS THAT:

1. The structure(s) located on the above captioned property has been wrecked and leveled by the City of Chicago.

2. Plaintiff's demolition and other related costs total $19,700.00.

3. The principal amount of Plaintiff's lien against the subject property is $19,700.00.

IT IS HEREBY ORDERED THAT:

1. As to Plaintiff's demolition costs:
A personal money judgment is entered against Gwendolyn Y. Durr in the amount of $19,700.00; this judgment is separate from and in addition to any other judgments previously entered by the Court in this matter.

2. Plaintiff may file a petition to foreclose its demolition lien in this proceeding, either instanter or at a later date, and the Court retains jurisdiction over this case solely for the purpose of adjudicating the foreclosure. The Plaintiff retains the right to file its foreclosure under the Mortgage Foreclosure Act of Illinois in a separate proceeding.

3. Pursuant to Illinois Supreme Court Rule 304(a), this is a final and appealable order and the Court finds no just reason for delaying the enforcement or appeal of this order.

4. This matter is off call.

Stephen R. Patton, Corporation Counsel
BY: Gwendolyn Harris / Peter Mennella
Attorney for Plaintiff
121 N. LaSalle St., Ste. 400
Chicago, Illinois 60602
(312) 744-6967 / (312) 742-0467
Attorney No. 90909

_[Stamp: Judge James M. McGing, MAR 31 2014, Circuit Court 1926]_

_____
Judge, Courtroom 1111

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY